UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME DEERING BEY,

    Petitioner,          Case No. 2:20-CV-12029
                            HONORABLE PAUL D. BORMAN

v.

J. HEMINGWAY,

    Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO VOLUNTARILY DISMISS THE PETITION FOR A WRIT OF HABEAS CORPUS

Jerome Deering-Bey, ("Petitioner"), presently incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a petition for a writ of habeas corpus filed pursuant to 28 U.S.C.§ 2241.

Petitioner has now filed a motion to voluntarily dismiss his petition for a writ of habeas corpus. For the reasons stated below, the Court will allow petitioner to voluntarily withdraw his habeas petition and will dismiss the petition for a writ of habeas corpus without prejudice.

"[A] voluntary dismissal without prejudice leaves the situation as if the action had never been filed." *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir.1993). A decision to grant or deny a voluntary dismissal to a plaintiff is committed to the sound discretion of the district court. *See Grover v. Eli Lilly &*

1

*Co.*, 33 F.3d 716, 718 (6th Cir.1994). "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir.1988)). Rule 41(a) applies to habeas corpus proceedings. *See Williams v. Clarke*, 82 F.3d 270, 272–73 (8th Cir.1996); *Doster v. Jones*, 60 F.Supp.2d 1258, 1259 (M.D.Ala.1999)(citing cases). *See also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules.").

In determining whether or not a habeas petitioner is entitled to voluntarily dismiss his habeas petition without prejudice, federal courts must "ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *See Clark v. Tansy,* 13 F.3d 1407, 1409 (10th Cir. 1993); *see also Cook v. New York State Div. Of Parole,* 321 F.3d 274, 282 (2d Cir. 2003)(after state prisoner's § 2241 petition was converted by the court into a § 2254 petition, prisoner would be allowed opportunity to withdraw his petition to

avoid unintentionally exhausting his right to petition for habeas relief on other grounds).

In this case, petitioner's voluntary dismissal of his habeas action would completely terminate the litigation in this case. *See Long v. Board of Pardons and Paroles of Texas,* 725 F.2d 306, 306 (5th Cir. 1984). Because petitioner is seeking to withdraw his habeas petition pursuant to Fed. R. Civ. P. 41(a)(2), the dismissal will be without prejudice. *See Markham v. Anderson,* 465 F. Supp. 541, 543 (E.D. Mich. 1980).

## ORDER

Accordingly, the motion to dismiss the petition for a writ of habeas corpus (ECF No. 6) is GRANTED.

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

Dated: September 18, 2020

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT COURT

3